```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**THOMAS GROSS,**

                         **Plaintiff,**

          v.                                            CASE NO.08-3290-SAC

**ARAMARK FOOD SERVICE,**

                         **Defendant.**


### O R D E R

This matter is before the court on a civil complaint filed pro se while plaintiff was a prisoner confined in the Sedgwick County Detention Facility in Wichita, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Plaintiff must pay the full $350.00 filing fee in this civil action. *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2).

*Motion to Proceed in Forma Pauperis*, *28 U.S.C. § 1915*

Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding

the date of filing of a civil action. Having considered the sparse financial records available, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

*Screening of the Complaint, 28 U.S.C. § 1915A*

Because plaintiff initiated this action as a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was

committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).  Relevant to plaintiff's allegations, the Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of [prisoners]." Farmer v. Breenan, 511 U.S. 825, 832 (1994).  To proceed on a claim of being denied this constitutional protection, however, plaintiff must allege sufficient facts to objectively show he was subjected to "conditions posing a substantial risk of harm," and to subjectively demonstrate the defendant(s) acted or failed to act with "a sufficiently culpable state of mind."  Id. at 834.

Having reviewed the complaint, the court finds plaintiff's allegations are insufficient to present a cognizable claim of constitutional deprivation, and thus concludes the complaint is subject to being summarily dismissed as stating no claim upon which relief can be granted under 42 U.S.C. § 1983.

In this action, plaintiff states there was a piece of metal in the food prepared for prisoners on November 22, 2008, which caused plaintiff to break a tooth.  Plaintiff claims the continuing pattern of "bad food" at the facility with no corrective action being taken constituted deliberate indifference to a known risk of likely injury, and seeks damages and to have his teeth fixed.  The sole defendant named in the complaint is Aramark Food Service.

This isolated incident, however, reflects negligence at most if at all, which might be actionable in a state tort action but is not an actionable claim under 42 U.S.C. § 1983.  The Supreme Court has expressly rejected the suggestion that a prison official violates the Eighth Amendment when he might have known or should have known of a risk of harm.  See Farmer, 511 U.S. at 837-38; Gonzales v.

3

Martinez, 403 F.3d 1179, 1186 (10th Cir. 2005). Moreover, plaintiff's conclusory statement of a "continuing pattern of bad food" is insufficient to establish the defendant or any person acting under color of state law was aware of an obvious and substantial risk to plaintiff's safety. *See* United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994)(conclusory allegations are insufficient to support a claim for relief).

*Notice and Show Cause Order to Plaintiff*

For these reasons, the court directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief.[1]  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"). The failure to file a timely response to correct the deficiencies identified by the court may result in the complaint being dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the $350.00 district court filing fee to collected as authorized by 28 U.S.C. § 1915(b)(2).

---

[1] Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

4

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be summarily dismissed as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 26th day of June 2009 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge